HARRIET DIETZ, RESPONDENT, *v.* JOHN G. DIETZ, APPELLANT.

*Adultery — action for divorce on account of — issues in — how tried — Code,* § 253.

In this action, brought by the plaintiff to obtain a divorce on the ground of adultery, the defendant moved for a perpetual stay of the plaintiff's proceedings, upon the ground that in a previous action for a divorce brought by the defendant in the Superior Court, the plaintiff herein was found guilty of adultery. The fact of this preceding adjudication was alleged by way of defense in the defendant's answer. *Held,* that the motion was properly denied. The pleadings in this action having resulted in an issue of fact, it must be tried in the manner prescribed by the Code, and not by way of special motion on petition and affidavit.

APPEAL from an order denying a motion made by the defendant for a perpetual stay of plaintiff's proceedings in this action.

The facts are stated in the opinion.

*Charles Jones,* for the appellant, cited *Smith* v. *Amer. Life Ins. and Trust Co.* (Clarke's Ch., 307); *Lane* v. *Clark* (id., 309); *Schell* v. *Erie R. Co.* (51 Barb., 368); *Dyckman* v. *Kernochan* (2 Paige, 26).

*William H. Gale,* for the respondent, cited *Springsteen* v. *Powers* (4 Robt., 624); *Thursby* v. *Mills* (1 Code R., 83); *Schell* v. *Erie R. Co.,* 4 Abb. (N. S.), 287.

DANIELS, J.:

The defendant's motion for a perpetual stay of the plaintiff's proceedings, was made upon the ground that, in a previous action brought by the defendant against her, in the Superior Court, she was found guilty of adultery herself, and therefore not entitled to a divorce on account of the adultery of her husband. The fact of this preceding adjudication, is alleged, by way of defense, by the defendant in his answer. And that will, when proven, entitle him to a judgment in his favor, unless the plaintiff can relieve herself from its effect, by proof of some other fact. In her complaint, she charges acts of adultery by the defendant, committed since the issue was joined in the preceding suit. And she may, possibly, be able to entitle herself to a judgment in her favor, if she can establish the truth of that charge, and give such other

proof as her case may require for that purpose. Whether there is any probability that she may succeed in her action, notwithstanding the decision against her in the other case, it is not now necessary to consider. This is not the proper mode of determining that point. The law has provided and assigned a different course of proceeding for that purpose. The pleadings have resulted in a complete issue of fact, and the prescribed mode for trying that, is not by way of special motion on petition and affidavit. It is, by noticing and bringing the issue on for trial. The Code is explicit on this subject. Its provision is, that "an issue of fact, in an action for the recovery of money only, or of specific real or personal property, *or for a divorce from the marriage contract on the ground of adultery,* must be tried by a jury, unless a jury trial be waived * * * or a reference be ordered."* And a reference can only be ordered, when the consent of both parties has been secured for it, where the action is brought for a divorce.† No other mode for trying and determining the issue joined in an action for divorce, has been prescribed or sanctioned by the provisions of the Code, regulating the mode in which civil actions are to be tried.

If the motion made by the defendant could prevail, every defense, resting on a former adjudication, could be tried by the court, on special motion. That proceeding is only proper when an order is to be applied for, not when a judgment upon an issue of fact, is what the nature of the case requires. If the application in this case could prevail, the principle sanctioning it could, with equal propriety, be so far extended as to include all defenses capable of being conclusively sustained by documentary proof.

The practice of the courts is against that mode of proceeding. And it has been rendered so by legislative action prescribing the manner in which issues of fact are to be tried and disposed of. The order appealed from was correct, and it should be affirmed, with ten dollars costs, and the plaintiff's disbursements on the present appeal.

DAVIS, P. J., and LAWRENCE, J., concurred.

*Ordered accordingly.*

*§ 253.　　　　　　　　　　†§ 270 of Code.